## DAVIS *v.* BULLOCH, guardian, *et al.*

Every issue involved in the motion for a new trial was dependent upon the evidence, which was conflicting. There are no exceptions to any ruling of the court upon the pleadings, the evidence, or the charge of the court, the latter not being even asked to be transmitted to this court. It must therefore be presumed that the jury were fully and correctly instructed as to the law controlling the four grounds of the amendment to the motion for a new trial. There was ample evidence to support the verdict returned by the jury, which has the approval of the trial judge. The judgment overruling the motion for a new trial will therefore be affirmed.

No. 4728. November 12, 1925.

. Complaint for land. Before Judge Roop. Meriwether superior court. December 27, 1924. ·

*Jones, Jones & Strother,* for plaintiff in error. . .

. *N. F. Culpepper,* contra. . .

· .RUSSELL,· C. J. On August 15, 1889, B. F. Bulloch purchased from F. J. Williams a small lot in the town of Bullochville, bounded on the south by lands of C. L. Davis, on the west by lands of Dr. W. B. Tucker, and on the north and east by lands of F. J. Williams, and the deed was recorded on September 5, 1889. Bulloch went into possession of the lot and built a small storehouse upon it. Bulloch died in 1910, and his widow, Mrs. C. A. Bulloch, was appointed administratrix of his estate. She was discharged as administratrix without having disposed of the lot aforesaid, and she filed the complaint in this case against M. F. Davis, in behalf of herself and two minor children, and was joined by Mrs. Lillibell Bulloch, the widow of a son of B. F. Bulloch, in behalf of her two minor children, the grandchildren of B. F. Bulloch, deceased. The trial resulted in favor of the plaintiffs, and the defendant filed a motion for a new trial, which was overruled by the court, and exception is taken to this judgment. Without detailing the evidence with extreme particularity, it is sufficient to say that the jury were fully authorized to find that the plaintiffs had perfect title. The case turned on whether the defendant, in possession of the lot at the time the petition was filed, had ever purchased the particular lot of land in question; and second, if he had purchased it, whether his possession was in good faith, or whether he did not buy with actual knowledge that the land in question was the property of B. F. Bulloch. The defendant claimed that he purchased the lot in question, together with other land, at administrator's sale from Bion Williams as adminstrator of the estate of W. F. Williams, deceased. W. F. Williams was a son of F. J. Williams, who sold the lot in question to B. F. Bulloch, as already stated. The deed from the administrator was executed to Mrs. Minnie Lee Davis, and it conveyed "a house and lot containing one and one half acres, more or less, of land, being part of lot number one hundred and thirty-six (136), and bounded north by Mrs. Perdue, known as the R. O. Phillips place, east by the Bullochville and Raleigh road, south by the Stinson and River road, west by lands of J. H. Gorham, known as the Tucker place, lying, situate, and

being in the said county of Meriwether, said State," and was dated November 3, 1903. There was evidence that before the death of B. F. Bulloch he made an oral contract with one J. H. Gorham, by which he agreed to sell the 38-foot lot now in dispute to Gorham, and that Gorham went into possession of the lot but never paid the purchase-price; nor is there any evidence in the record of any conveyance from Gorham to the defendant. Gorham was the owner, as appears from the deed to Mrs. Davis, of what had been known formerly as the Tucker place. Thus it appears that the lot in question lay between the land formerly owned by F. J. Williams, from which the Bulloch lot had been taken, and the Gorham land. Bion Williams, the administrator of W. F. Williams, under whom the defendant claimed, testified that he was acquainted with the land in dispute, same being 38 feet wide by 105 feet long, adjoining the home lot of his brother Will Williams. "This land was sold by my father in his lifetime to B. F. Bulloch. B. F. Bulloch built a storehouse on the lot. He was in possession of it when I sold the homeplace of my brother, Will Williams, at administrator's sale in 1903. Neither my brother Will Williams, nor his wife, nor any one claiming under them or either of them ever had possession of said lot. I never did reduce it to possession or take possession of it as the administrator of Will Williams. The lines around the lot were visible and traceable when I sold Will Williams' home in 1903. I did not sell this lot at that administrator's sale. I did not include it in the deed I made to Mrs. Minnie Lee Davis, wife of the defendant. He knew that my brother Will never did own the lot. My father, F. J. Williams, owned the lot of land on which my brother Willie built his home. My father never made a deed to my brother Willie, conveying the lot to him. After my father died my brother John drew the lot of land on which Willie's house was located, and the children all agreed for Willie to keep the lot; but this lot did not include the land sued for."

There were a number of witnesses who testified to the possession of B. F. Bulloch, and there was testimony to the effect that Gorham, who had bargained for the land, and Bulloch, his vendor, had a conversation in the presence of the defendant as to Gorham's inability himself to pay the purchase-price unless he sold the lot in question, in which Bulloch stated that after making the deed he did not care who paid the $100, thus showing that the land had not

been paid for. It appears from a plat in the record that the former Tucker place which had been purchased by Gorham adjoined the property purchased by Mrs. Minnie Lee Davis, but that it did not extend to the original boundary line mentioned in Bulloch's deed as land of C. L. Davis on the south, and therefore did not necessarily include the lot purchased from F. J. Williams by Bulloch; and as the defendant's claim necessarily in any event rested on this fact, the jury were authorized to find against his right of possession.

The plaintiff in error insists, however, that under a well-recognized principle the plaintiffs are estopped by reason of the fact that B. F. Bulloch witnessed the deed from Bion Williams, as administrator of his brother, to Mrs. Minnie Lee Davis, and thereafter witnessed the deed from M. F. Davis, as administrator of Mrs. Minnie Lee Davis, to W. M. Florence, who a few days after the sale conveyed it to the administrator. We recognize the principle relied upon by the plaintiff in error that where one knowingly witnesses a conveyance of property to which he claims a right, he is thereafter estopped to assert title thereto; but the whole force of the principle rests upon the knowledge of the party, and a reference to the description of the land as contained in the deeds, as well as the circumstances to which we have alluded, that Gorham had land which Bulloch had never owned which adjoined the land now in possession of the defendant, was wholly insufficient to give Bulloch even an intimation that his land was sought to be included in this lot of W. F. Williams.

*Judgment affirmed. All the Justices concur.*

ATKINSON, J., concurs in the result, but not in all that is said in the opinion.